IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| THOMAS R. MCLEAN, M.D.         Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No. 15-2634- |
| | ) | |
| ROBERT A. MCDONALD, *Secretary of Veterans Affairs* | ) | |
| *U.S. Department of Veterans Affairs*         Defendant | ) | |

# COMPLAINT

Plaintiff Thomas R. McLean, M.D., for his causes of action against defendant Robert A. McDonald, Secretary of Veterans Affairs, in his official capacity on behalf of the U.S. Department of Veterans Affairs ("VA"), states as follows:

## Parties

1. Plaintiff is a permanent citizen and resident of the City of Shawnee, County of Johnson, State of Kansas, and the United States of America. Plaintiff is a former employee of defendant VA.

2. Defendant McDonald is sued in his official capacity as Secretary of Veterans Affairs and the executive head of the U.S. Department of Veterans Affairs. Defendant VA is a federal agency of the United States of America. Defendant VA is an "employer" subject to the Civil Rights Act of 1964 ("Title 7"), as amended, 42 USC 2000e et seq. Defendant VA is plaintiff's former employer.

## Claims, Jurisdiction and Venue

3. Plaintiff asserts federal law claims of race and national origin discrimination and retaliation under Title 7. This is a federal sector EEO action.

4. Federal subject matter jurisdiction over plaintiff's federal causes of action is conferred by 28 USC 1331 and 42 USC 2000e-5 and 2000e-16.

5. Venue is conferred on this Court pursuant to 28 USC 1391(b). Plaintiff was employed by defendant VA in Leavenworth, Kansas (Leavenworth County).

6. All administrative prerequisites to the filing of this civil action, as set forth in 29 CFR 1614, have been satisfied and exhausted. This civil action is timely filed within the applicable statute of limitation (within 90 calendar days of plaintiff's actual receipt of the VA's Final Agency Decision).

### Count 1 — Title 7 — Race Discrimination

7. Plaintiff incorporates by reference all other numbered paragraphs of this Complaint.

8. At all relevant times herein plaintiff was employed as a Staff Surgeon Physician (VM-0602/06) by the VA Eastern Kansas Healthcare System at the Eisenhower VA Medical Center in Leavenworth.

9. Plaintiff is white (Caucasian).

10. Plaintiff was removed (terminated) from his position effective March 8, 2013.

11. Defendant VA terminated plaintiff for false and pretextual reasons, the true reason being intentional race-based discrimination and disparate treatment against plaintiff. Plaintiff's race was a motivating and substantial factor in defendant's decision to terminate plaintiff.

12. As a direct result of defendant's intentional discrimination, plaintiff has suffered and will continue to suffer substantial monetary damages in the form of lost wages (back pay and front pay) and benefits in an amount exceeding $1 Million, and attorney's fees in connection with a related administrative licensing proceeding before the Kansas Board of Healing Arts; and substantial non-monetary damages in the form of emotional distress, pain and suffering, loss of quality of life, loss of professional reputation and standing, and violation of his civil rights; and costs, attorneys fees and expenses in connection with this litigation.

WHEREFORE, plaintiff prays judgment be entered in his favor and against defendant on all counts and claims, and for the relief requested in plaintiff's Prayer for Relief, and for any and all other relief permitted by law or equity.

### Count 2 — Title 7 — National Origin Discrimination

13. Plaintiff incorporates by reference all other numbered paragraphs of this Complaint.

14. At all relevant times herein plaintiff was employed as a Staff Surgeon Physician (VM-0602/06) by the VA Eastern Kansas Healthcare System at the Eisenhower VA Medical Center in Leavenworth.

15. Plaintiff is a U.S.-born American citizen.

16. Plaintiff was removed (terminated) from his position effective March 8, 2013.

17. Defendant VA terminated plaintiff for false and pretextual reasons, the true reason being intentional national origin-based discrimination and disparate treatment against plaintiff. Plaintiff's national origin was a motivating and substantial factor in defendant's decision to terminate plaintiff.

18. As a direct result of defendant's intentional discrimination, plaintiff has suffered and will continue to suffer substantial monetary damages in the form of lost wages (back pay and front pay) and benefits in an amount exceeding $1 Million, and attorney's fees in connection with a related administrative licensing proceeding before the Kansas Board of Healing Arts; and substantial non-monetary damages in the form of emotional distress, pain and suffering, loss of quality of life, loss of professional reputation and standing, and violation of his civil rights; and costs, attorneys fees and expenses in connection with this litigation.

WHEREFORE, plaintiff prays judgment be entered in his favor and against defendant on all counts and claims, and for the relief requested in plaintiff's Prayer for Relief, and for any and all other relief permitted by law or equity.

### Count 3 — Title 7 — Retaliation

19. Plaintiff incorporates by reference all other numbered paragraphs of this Complaint.

20. At all relevant times herein plaintiff was employed as a Staff Surgeon Physician (VM-0602/06) by the VA Eastern Kansas Healthcare System at the Eisenhower VA Medical Center in Leavenworth.

21. On or about April 5, 2013 and thereafter, following his removal (termination), plaintiff initiated a complaint of employment discrimination (race and national origin) against defendant VA in accordance with the federal sector EEO regulations at 29 CFR Part 1614.  At all relevant times after April 5, 2013, defendant VA had actual knowledge of plaintiff's EEO complaint.

22. Plaintiff's clinical privileges were suspended by defendant VA effective November 22, 2013.

23. Defendant VA suspended plaintiff's clinical privileges for false and pretextual reasons, the true reason being retaliation for plaintiff having engaged in protected activity by filing an EEO complaint.  Plaintiff's protected activity was a motivating and substantial factor in defendant's decision to suspend plaintiff's clinical privileges.

24. As a direct result of defendant's intentional retaliation, plaintiff has suffered and will continue to suffer substantial monetary damages in the form of lost wages (back pay and front pay) and benefits in an amount exceeding $1 Million, and attorney's fees in connection with a related administrative licensing proceeding before the Kansas Board of Healing Arts; and substantial non-monetary damages in the form of emotional distress, pain and suffering, loss of quality of life, loss of professional reputation and standing, and violation of his civil rights; and costs, attorneys fees and expenses in connection with this litigation.

WHEREFORE, plaintiff prays judgment be entered in his favor and against defendant on all counts and claims, and for the relief requested in plaintiff's Prayer for Relief, and for any and all other relief permitted by law or equity.

### Prayer for Relief

25.     Plaintiff respectfully requests that this Court enter judgment on Counts 1, 2 and 3 herein in favor of plaintiff and against defendant VA, and:

a.      declare that the acts and practices complained of in the Complaint are unlawful employment practices in violation of Title 7;

b.      restrain and permanently enjoin defendant from continuing to engage in or commit the complained of unlawful employment practices against plaintiff;

c.      award plaintiff back pay in an amount to make plaintiff whole for all earnings (including benefits and interest thereon) he would have received but for defendant's unlawful employment practices;

d.      award plaintiff $300,000 compensatory damages for emotional distress and other non-monetary damages on each count and claim;

e.      order defendant to reinstate plaintiff to his former position and/or to a substantially equivalent position with respect to salary, compensation, benefits, privileges, status, advancement opportunities, and other rights and considerations; and/or award plaintiff front pay through the date of his anticipated and planned retirement;

f.      order defendant to take such affirmative steps and actions as are necessary or reasonable to ensure that the effects of defendant's past unlawful employment practices are eliminated and do not continue to adversely affect plaintiff's employment opportunities and advancement in the future, including but not limited to removing all negative documents relating to the unlawful employment

practices from its files and from plaintiff's official personnel folder (OPF) and promoting plaintiff to a position he would have attained but for defendant's unlawful employment practices;

  g. award plaintiff the costs of this action, including reasonable attorney's fees and expenses, court costs, expert witness fees, and other permitted items;

  h. award plaintiff compensatory damages for the adverse tax consequences of a lump-sum multiple-year award of back pay in a single tax year;

  i. award such other relief permitted by law or equity as the Court deems necessary or appropriate.

### Demand for Jury Trial

26. Plaintiff demands a jury trial on all disputed facts.

### Designation of Place of Trial

27. Plaintiff designates the place of trial in Kansas City, Kansas.

Respectfully submitted


 /s/ *Jeffrey W. Bruce*
Jeffrey W. Bruce             KS FED # 70367
2103 E. 195th St.
P.O. Box 797
Belton MO  64012-0797
TEL 816-322-7400
MOBILE 816-914-7077
FAX 816-322-7402
E-mail   *bruce.law@att.net*
LEAD ATTORNEY FOR PLAINTIFF