UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| THOMAS R. MCLEAN, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) Civil Action No: 15-CV-2634-DDC | |
| ROBERT A. MCDONALD, ) | |
| SECRETARY OF VETERANS AFFAIRS ) | |
| U.S. DEPARTMENT OF VETERANS AFFAIRS, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Robert A. McDonald, in his official capacity as Secretary of Veteran's Affairs, U.S. Department of Veterans Affairs, (hereinafter "VA"), by and through Barry R. Grissom, United States Attorney for the District of Kansas and Andrea L. Taylor, Assistant United States Attorney for said District, answers Plaintiff's Complaint as follows:

### Parties

1. Defendant admits paragraph (1).

2. Defendant admits paragraph (2).

### Claims, Jurisdiction, and Venue

3. In answering paragraph (3), it is a statement of the legal claims Plaintiff intends to pursue in this action to which no response is required.

4. In answering paragraph (4), Defendant admits that this court may exercise its subject matter jurisdiction over Plaintiff's administratively exhausted employment discrimination claims.

5. Defendant admits paragraph (5).

6. In answering paragraph (6), Defendant admits Plaintiff filed an administrative discrimination complaint with the VA for which the VA's Office of Employment Discrimination Complaint Adjudication issued a Final Agency Decision on June 3, 2015; and the decision provided Plaintiff 90 days from its receipt to file a complaint in federal district court. Defendant can neither admit nor deny the remaining allegations; therefore, Defendant denies the same.

### Count 1 – Title 7 – Race Discrimination

7. In answering paragraph (7), Defendant re-incorporates each of its responses to the allegations contained within all other numbered paragraphs of Plaintiff's First Amended Complaint.

8. Defendant admits paragraph (8).

9. Defendant admits paragraph (9).

10. In answering paragraph (10), Defendant admits the VA terminated Plaintiff's employment effective March 8, 2013. Defendant further admits it rescinded the termination on August 28, 2013, reinstating Plaintiff's employment with back pay and benefits.

11. Defendant denies paragraph (11).

12. In answering paragraph (12), Defendant denies that Plaintiff is entitled to monetary damages, including attorney's fees related to the administrative proceedings, attorney's fees in connection with this litigation, lost wages or lost benefits. Defendant also denies that Plaintiff is entitled to non-monetary damages. The unnumbered paragraph following paragraph (12) is a prayer for relief to which no response is required. To the extent a response is required; Defendant denies that this Court should enter a judgment in favor of the plaintiff.

### Count 2 – Title 7 – National Origin Discrimination

13. In answering paragraph (13), Defendant re-incorporates each of its responses to the allegations contained within all other numbered paragraphs of Plaintiff's First Amended Complaint.

14. Defendant admits paragraph (14).

15. Defendant admits paragraph (15).

16. In answering paragraph (16), Defendant admits the VA terminated Plaintiff's employment effective March 8, 2013. Defendant further admits it rescinded the termination on August 28, 2013, reinstating Plaintiff's employment with back pay and benefits.

17. Defendant denies paragraph (17).

18. In answering paragraph (18), Defendant denies that Plaintiff is entitled to monetary damages, including attorney's fees related to the administrative proceedings or in connection with this litigation, lost wages or lost benefits. Defendant also denies that Plaintiff is entitled to non-monetary damages. The unnumbered paragraph following paragraph (18) is a prayer for relief to which no response is required. To the extent a response is required; Defendant denies that this Court should enter a judgment in favor of the plaintiff.

### Count 3 – Title 7 – Retaliation

19. In answering paragraph (19), Defendant re-incorporates each of its responses to the allegations contained within all other numbered paragraphs of Plaintiff's First Amended Complaint.

20. Defendant admits paragraph (20).

21. In answering paragraph (21), Defendant admits that on April 5, 2013, Plaintiff initiated contact with an EEO Counselor for the VA's Office of Resolution Management alleging

that his March 8, 2013, termination was discriminatory.  Defendant denies the remaining factual allegations within this paragraph.

22. In answering paragraph (22), Defendant admits that on November 22, 2013, the VA Eastern Kansas Health Care System summarily suspended Plaintiff's privileges as a physician.

23. Defendant denies paragraph (23).

24. In answering paragraph (24), Defendant denies that Plaintiff is entitled to monetary damages, including attorney's fees related to the administrative proceedings, attorney's fees in connection with this litigation, lost wages or lost benefits.  Defendant also denies that Plaintiff is entitled to non-monetary damages.

25. Paragraph (25) is a prayer for relief to which no response is required. To the extent a response is required, Defendant denies that this Court should enter a judgment in favor of the plaintiff.

## Count 4 – Title 7 – Racial Discrimination

26. In answering paragraph (26), Defendant re-incorporates each of its responses to the allegations contained within all other numbered paragraphs of Plaintiff's First Amended Complaint.

27. Defendant admits paragraph (27).

28. Defendant admits paragraph (28).

29. Defendant admits paragraph (29).

30. Defendant denies paragraph (30).

31. In answering paragraph (18), Defendant denies that Plaintiff is entitled to monetary damages, including attorney's fees related to the administrative proceedings, attorney's

fees in connection with this litigation, lost wages or lost benefits. Defendant also denies that Plaintiff is entitled to non-monetary damages. The unnumbered paragraph following paragraph (31) is a prayer for relief to which no response is required. To the extent a response is required; Defendant denies that this Court should enter a judgment in favor of the plaintiff.

### Count 5 – Title 7 – National Origin Discrimination

32. In answering paragraph (32), Defendant re-incorporates each of its responses to the allegations contained within all other numbered paragraphs of Plaintiff's First Amended Complaint.

33. Defendant admits paragraph (33).

34. Defendant admits paragraph (34).

35. Defendant admits paragraph (35).

36. Defendant admits paragraph (36).

37. In answering paragraph (37), Defendant denies that Plaintiff is entitled to monetary damages, including attorney's fees related to the administrative proceedings, attorney's fees in connection with this litigation, lost wages or lost benefits. Defendant also denies that Plaintiff is entitled to non-monetary damages. The unnumbered paragraph following paragraph (37) is a prayer for relief to which no response is required. To the extent a response is required; Defendant denies that this Court should enter a judgment in favor of the plaintiff.

### Count 6 – Title 7 – Retaliation

38. In answering paragraph (38), Defendant re-incorporates each of its responses to the allegations contained within all other numbered paragraphs of Plaintiff's First Amended Complaint.

39. Defendant admits paragraph (39).

40. In answering paragraph (40), Defendant admits that on April 5, 2013, Plaintiff initiated contact with an EEO Counselor for the VA's Office of Resolution Management alleging that his March 8, 2013, termination was discriminatory. Defendant denies the remaining factual allegations.

41. Defendant admits paragraph (41).

42. Defendant denies paragraph (42).

43. In answering paragraph (43), Defendant denies that Plaintiff is entitled to monetary damages, including attorney's fees related to the administrative proceedings, attorney's fees in connection with this litigation, lost wages or lost benefits. Defendant also denies that Plaintiff is entitled to non-monetary damages. The unnumbered paragraph following paragraph (43) is a prayer for relief to which no response is required. To the extent a response is required; Defendant denies that this Court should enter a judgment in favor of the plaintiff.

## **Prayer for Relief**

44. Paragraphs 44 (a) – (i) constitute Plaintiff's prayer for relief to which no response is required. To the extent a response is required; Defendant denies that Plaintiff is entitled to a judgment in his favor on Counts 1 – 6. Defendant further denies that Plaintiff is entitled to (a) declaratory relief, (b) injunctive relief, (c) back pay, (d) any amount of compensatory damages, (e) reinstatement, (f) take actions to remedy alleged employment practices, (g) costs and attorney's fees, (h) compensatory damages for adverse tax consequences, (i) or any other relief.

## **Demand for Jury Trial**

45. Defendant does not oppose a jury trial if the court finds that there are genuine issues of material fact in dispute.

## Designation of Place of Trial

46. Defendant does not oppose Kansas City, Kansas as the location of the jury trial.

## DEFENSES

1. Defendant's actions were based upon legitimate, business reasons, managerial needs, and lawful principles of personnel management. Further, Plaintiff cannot establish that Defendant's employees took action against him as a pretext for race or national origin discrimination, nor can Plaintiff establish that Defendant's employees took action against Plaintiff as a pretext for retaliating against Plaintiff for his participation in prior protected activity.

2. Defendant denies all allegations that are not expressly admitted.

3. In this action, Plaintiff is limited to the allegations he raised in the administrative discrimination complaint he filed with the Department of Veteran's Affairs ("VA"), VA case number 2003-0686-2014103044. Any allegations contained in the First Amended Complaint that were not made in Plaintiff's administrative complaint should be dismissed as either untimely or for failure to exhaust administrative remedies.

4. Defendant has failed to state a claim upon which relief can be granted.

5. Defendant's actions were taken in full compliance with statutory and regulatory requirements.

6. Insofar as Plaintiff sustained injuries as alleged in his First Amended Complaint, such injuries were not caused by an act or omission of an agent, employee, or representative of the United States of America.

7. Punitive damages may not be awarded against the government in an employment discrimination action. 42 U.S.C. § 1981a(b)(1).

Respectfully submitted,

BARRY R. GRISSOM
United States Attorney

s/ Andrea L. Taylor
ANDREA L. TAYLOR
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730 (telephone)
(913) 551-6541 (facsimile)
KS Fed Bar # 70422
Email: Andrea.Taylor@usdoj.gov
Attorney for the United States
    ELECTRONICALLY FILED

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2015, the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Jeffery W. Bruce
>2103 E. 195th Street
>P.O. Box 797
>Belton, Missouri 64012-0797
>
>ATTORNEY FOR THE PLAINTIFF

I further certify that on November 17, 2015, I caused a copy of the notice of electronic filing, along with a copy of the **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** to be placed in the United States mail, postage prepaid, addressed to the following non-CM/ECF participants:

>None.

>s/Andrea L. Taylor
>ANDREA L. TAYLOR
>Assistant United States Attorney